**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| FRANK BACCHI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| METROMILE, INC., DAN PRESTON, ) | |
| COLIN BRYANT, JOHN BUTLER, ) | |
| SANDRA CLARKE, RYAN GRAVES, ) | |
| VIKAS SINGHAL, LEMONADE, INC., ) | |
| CITRUS MERGER SUB A, INC., and ) | |
| CITRUS MERGER SUB B, LLC, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 8, 2021 (the "Proposed Transaction"), pursuant to which Metromile, Inc. ("Metromile" or the "Company") will be acquired by Lemonade, Inc. ("Parent"), Citrus Merger Sub A, Inc. ("Merger Sub A"), and Citrus Merger Sub B, LLC ("Merger Sub B," and together with Parent and Merger Sub A, "Lemonade").

2. On November 8, 2021, Metromile's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Lemonade. Pursuant to the terms of the Merger Agreement, Metromile's stockholders will receive approximately 0.05263 shares of Parent common stock for each share of

Metromile common stock they own.

3. On December 29, 2021, defendants filed a prospectus (the "424B3") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The 424B3 omits material information with respect to the Proposed Transaction, which renders the 424B3 false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the 424B3.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Metromile common stock.

9. Defendant Metromile is a Delaware corporation and a party to the Merger Agreement. Metromile's common stock is traded on the NASDAQ under the ticker symbol "MILE."

10. Defendant Dan Preston is Chief Executive Officer and a director of the Company.

11. Defendant Colin Bryant is a director of the Company.

12. Defendant John Butler is Chairman of the Board of the Company.

13. Defendant Sandra Clarke is a director of the Company.

14. Defendant Ryan Graves is a director of the Company.

15. Defendant Vikas Singhal is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

18. Defendant Merger Sub A is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

19. Defendant Merger Sub B is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

20. Metromile is a leading digital insurance platform in the United States.

21. Metromile offers real-time, personalized auto insurance policies by the mile instead of the industry's reliance on approximations that have historically made prices unfair.

22. On November 8, 2021, Metromile's Board caused the Company to enter into the Merger Agreement with Lemonade.

23. Pursuant to the terms of the Merger Agreement, Metromile's stockholders will receive approximately 0.05263 shares of Parent common stock for each share of Metromile common stock they own.

24. According to the press release announcing the Proposed Transaction:

Lemonade (NYSE: LMND) the insurance company powered by AI and social good, and Metromile (NASDAQ: MILE, Ml LEW), the data science company focused on auto insurance, have entered into a definitive agreement pursuant to which Lemonade will acquire Metromile in an all-stock transaction that implies a fully diluted equity value of approximately $500 million, or just over $200 million net of cash. Under the terms of the transaction, Metromile shareholders will receive Lemonade common shares at a ratio of 19:1. . . .

The transaction is expected to close during Q2 2022, once all regulatory approvals have been secured. The transaction requires the approval of Metromile stockholders, and is subject to other customary closing conditions. . . .

***The 424B3 Omits Material Information, Rendering It False and Misleading***

25. Defendants filed the 424B3 with the SEC in connection with the Proposed Transaction.

26. As set forth below, the 424B3 omits material information.

27. With respect to the July Metromile Forecasts, the 424B3 fails to disclose: (i) projected net income; (ii) projected EBITDA; (iii) projected unlevered free cash flow; and (iv) all underlying line items.

28. With respect to the October Metromile Forecasts, the 424B3 fails to disclose: (i) projected net income; (ii) projected EBITDA and all underlying line items; and (iii) all line items used to calculate unlevered free cash flow.

29. With respect to the Extrapolated Lemonade Forecasts, the 424B3 fails to disclose: (i) projected net income; and (ii) all line items used to calculate unlevered free cash flow and EBITDA.

30. With respect to Allen & Company LLC's ("Allen & Company") Selected Public Companies Analyses, the 424B3 fails to disclose the individual multiples and metrics for the companies observed by Allen & Company in the analyses.

31. With respect to Allen & Company's Selected Precedent Transactions Analysis, the 424B3 fails to disclose the individual multiples and metrics for the transactions observed by Allen & Company in the analysis.

32. With respect to Allen & Company's Discounted Cash Flow Analysis of Metromile, the 424B3 fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 9.5%; (ii) the terminal values of the Company; (iii) Allen & Company's basis for applying a range of net operating profit after-tax multiples of 16.0x to 19.0x; and (iv) the calculated potential tax benefit of Metromile's net operating losses.

33. With respect to Allen & Company's Discounted Cash Flow Analysis of Lemonade, the 424B3 fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 9.0%; (ii) the terminal values of the Company; (iii) Allen & Company's basis for applying a range of net operating profit after-tax multiples of 16.0x to 19.0x; and (iv) the calculated potential tax benefit of Lemonade's net operating losses.

34. The 424B3 fails to disclose the terms of the nondisclosure agreement executed by the Company and Party B on August 23, 2021.

35. The omission of the above-referenced material information renders the 424B3 false and misleading.

36. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Metromile

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Metromile is liable as the issuer of these statements.

39. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

40. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

41. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

42. The 424B3 is an essential link in causing plaintiff to approve the Proposed Transaction.

43. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

44. Because of the false and misleading statements in the 424B3, plaintiff is threatened

with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Lemonade

45.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

46.    The Individual Defendants and Lemonade acted as controlling persons of Metromile within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Metromile and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

47.    Each of the Individual Defendants and Lemonade was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the 424B3.

49.    Lemonade also had supervisory control over the composition of the 424B3 and the information disclosed therein, as well as the information that was omitted and/or misrepresented

in the 424B3.

50. By virtue of the foregoing, the Individual Defendants and Lemonade violated Section 20(a) of the 1934 Act.

51. As set forth above, the Individual Defendants and Lemonade had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 13, 2022                     **RIGRODSKY LAW, P.A.**

                                            By:  */s/ Gina M. Serra*
                                                 Gina M. Serra (#5387)
                                                 Herbert W. Mondros (#3308)
                                                 300 Delaware Avenue, Suite 210
                                                 Wilmington, DE 19801
                                                 Telephone: (302) 295-5310
                                                 Facsimile: (302) 654-7530
                                                 Email: gms@rl-legal.com
                                                 Email: hwm@rl-legal.com

                                                 *Attorneys for Plaintiff*